UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC., <br><br>    Plaintiff, <br><br> v. <br><br> EASTERN AMERICAN MORTGAGE COMPANY, <br><br>    Defendant. | Case No. 07-CV-7933 (PKL) |

## AFFIDAVIT OF SERVICE AND INQUIRY

STATE OF PENNSYLVANIA  )
                       )  ss.:
COUNTY OF LEHIGH       )

ROBERT A. PINEL, being duly sworn, deposes and says:

1. I am an attorney at law for the firm of Flamm, Boroff & Bacine, PC, counsel for Plaintiff DLJ Mortgage Capital, Inc. ("Plaintiff"). I am authorized to make this Affidavit in support of Plaintiff's Order to Show Cause for Entry of a Default Judgment against Defendant Eastern American Mortgage Company ("Defendant") and as an Affidavit of Inquiry under Rule 4: 4-5(c)(2) under the New Jersey Rules Governing Civil Practice.

2. I make this affidavit of my own knowledge. I submitted an Order to Show Cause for entry of default judgment against Defendant in December 2007. The Court signed the Order Show Cause and scheduled the hearing for January 24, 2008.

3. I forwarded the Order to Show Cause and the documents to Guaranteed Subpoena Service, Inc. ("Guaranteed Subpoena") to be served upon Robert Veech,

Defendant's President and Registered Agent, or upon Defendant's agent, at Mr. Veech's home address in Verona, New Jersey. (A copy of the Business Entity Status Report showing Robert Veech as Defendant's registered agent is attached as Exhibit 1.)

4. I requested that the Order to Show Cause be served at Mr. Veech's home address because the office identified in the Status Report was closed. Defendant closed all its offices in New Jersey in or around September 2007. Mr. Veech's home address is the same address where the Complaint was served.

5. I also asked Guaranteed Subpoena to serve an attorney named Jon Rory Skolnick, Esq. Mr. Skolnick is an attorney identified as the registered agent for an entity with a name similar to Defendant's -- Eastern American Mortgage Management Company, Inc. The president of this similarly named entity is Robert Veech. (A copy of the Business Entity Status Report for Eastern American Mortgage Management, Inc. is attached as Exhibit 2.)

6. Donald Martin, the process server for Guaranteed Subpoena, tried without success to serve the Order to Show Cause at Mr. Veech's home address and on Attorney Skolnick. (The affidavit of Donald Martin is attached as Exhibit 3.)

7. According to Mr. Martin, nobody would answer the door at Mr. Veech's residence, no matter the time of day or night, and, even when people were obviously home. Attorney Skolnick, while acknowledging that he represented Mr. Veech, would not accept service of the Order to Show Cause. Attorney Skolnick said that he would talk to Mr. Veech and then call Mr. Martin. Attorney Skolnick never called Mr. Martin.

8. On January 24, 2008 I appeared before the Court on the Original Order to Show Cause. A new hearing was scheduled because neither Mr. Veech nor any agents

of Defendant had been served with the Order to Show Cause. I informed the Court that other means of service authorized by New Jersey law would be used to serve a new Order to Show Cause. A new Order to Show Cause was entered setting the new hearing date for February 11, 2008 (the "new Order to Show Cause").

9.  On January 25, 2008, I mailed a copy of the new Order to Show Cause and supporting documents to Mr. Veech at his home address –124 Sunset Avenue, Verona, New Jersey 07044 – by regular U.S. mail, postage pre-paid, and by certified U.S. mail, return receipt requested, postage pre-paid. The new Order to Show Cause sent by regular mail has not been returned to my office. The new Order to Show Cause sent by certified mail (tracking number 70050390000581095123) has not been signed for or picked up, even though notice of the certified mail was left at Mr. Veech's home. (A copy of the tracking information from the website for the United States Postal Service is attached as Exhibit 4.)

10. On January 25, 2008, I requested that Guaranteed Subpoena try to serve Mr. Veech or an agent of Defendant with the new Order to Show Cause at Mr. Veech's home address. As of the date of this affidavit, Guaranteed Subpoena has been unable to personally serve Mr. Veech or any agent of Defendant.

11. The State of New Jersey authorizes constructive service by mail if a party cannot be served personally. Rule 4: 4-4(b) of the New Jersey Rules Governing Civil Practice provides, in relevant part:

> (1) By mail or personal service outside the State. If it appears by affidavit satisfying the requirements of R. 4: 4-5(c)(2) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) [personally serving the party] of this rule, then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant as follows: (C) mailing a copy of the summons and complaint

3

>by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (3) a corporation… that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office.

R. 4: 4-4(b)(1)(C)(3).

12.     Rule 4: 4-5(c)(2) of the New Jersey Rules Governing Civil Practice requires, in essence, that a party utilizing mail service certify the efforts made to serve the defendant and why that service has not been successful. *See Comments,* R. 4: 4-4.

13.     The New Jersey Courts have specifically recognized that Rule 4: 4-4(b)(1)(C)(3) authorizes service by mail upon New Jersey residents within the State of New Jersey when personal service cannot be made – as when a defendant avoids service – and upon the filing of the R. 4: 4-5(c)(2) affidavit. Citibank, N.A. v. Russo, 334 N.J. Super. 346 (App.Div. 2000).

4

14. Defendant was served with the new Order to Show Cause by regular and certified mail, return receipt requested, addressed to the home address of Defendant's registered agent on January 25, 2008 pursuant to R. 4: 4-4(b)(1)(C)(3). This affidavit of service is also submitted as the affidavit of inquiry required by that rule, and, in conformity with R. 4: 4-5(c)(2). In further support of its affidavit, Plaintiff also incorporates herein by reference the affidavit of Robert A. Pinel submitted in support of the original Motion to Enter Default Judgment.

Dated: February 8, 2007
Allentown, PA

_____
Robert A. Pinel

Sworn to before me this 8th day of FEBRUARY 2008.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Janice Kay Gorman, Notary Public
City Of Allentown, Lehigh County
My Commission Expires June 21, 2008
Member, Pennsylvania Association Of Notaries

5