UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC., : <br><br> Plaintiff, : <br><br> v. : <br><br> EASTERN AMERICAN MORTGAGE : <br> COMPANY, : <br><br> Defendant. : | Case No. 07-CV-7933 (PKL) |

### AFFIDAVIT OF BRUCE S. KAISERMAN IN SUPPORT OF PLAINTIFF DLJ MORTGAGE CAPITAL, INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

STATE OF NEW YORK    )
                                        ) ss.:
COUNTY OF NEW YORK )

BRUCE S. KAISERMAN, being duly sworn, deposes and says:

1.  I am a Vice President of DLJ Mortgage Capital, Inc. (hereinafter "DLJMC") and have knowledge of the facts and circumstances surrounding this action. I submit this affidavit pursuant to Magistrate Judge Douglas F. Eaton's March 6, 2008 Order concerning the damages to be awarded based on the default of defendant Eastern American Mortgage Company ("Eastern American"), in the above-captioned matter.

2.  Plaintiff DLJMC is a corporation organized and existing under the laws of the state of Delaware. DLJMC is a purchaser of mortgage loans and maintains its principal place of business in New York, New York.

3.  Defendant Eastern American is a limited liability company organized and existing under the laws of the state of New Jersey. Upon information and belief, Eastern

American is a mortgage broker and maintains its principal place of business in Little Falls, New Jersey.

## The Loan Purchase Agreements

4. On May 1, 2005, DLJMC and Eastern American entered into an Amended and Restated Seller's Purchase, Warranties and Interim Servicing Agreement (the "Purchase Agreement"). (A true and correct copy of the Purchase Agreement is attached hereto as Exhibit A.) The Purchase Agreement was negotiated in New York.

5. Under the Purchase Agreement, Eastern American would originate and sell mortgage loans to DLJMC in accordance with the terms and conditions of the Purchase Agreement. Eastern American sold millions in loans to DLJMC. Additionally, in connection with these loans, Eastern American reached out to DLJMC by e-mail, facsimile, and telephone. Further, as a loan servicer, Eastern American forwarded all funds received by it on account of DLJMC to DLJMC in New York.

## Eastern American's Obligation to Repurchase Early Payment Default Loans

### A. The Eastern American Early Payment Default Loans

6. Pursuant to Section 3.05 of the Purchase Agreement, entitled "Repurchase of Mortgage Loans with Early Payment Defaults," Eastern American agreed to repurchase from DLJMC certain mortgage loans as to which there occurred payment defaults after the Closing Date (as defined in the Purchase Agreement) for such mortgage loans (the "Early Payment Default Loans"). Section 3.05 of the Purchase Agreement specifically provides as follows:

> If (a) a Mortgagor is thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due to [DLJMC] on the related Mortgage Loan immediately following the applicable

272022 v1                                    2

> Closing Date . . . [Eastern American], at [DLJMC's] option, shall promptly repurchase such Mortgage Loan from [DLJMC] within five (5) Business Days' of receipt of written notice from [DLJMC], in accordance with the procedures set forth in Section 3.03 hereof, however, any such repurchase shall be made at the Repurchase Price.

7.      Thus, the Purchase Agreement expressly and unambiguously confers upon DLJMC the right to cause Eastern American to repurchase, and, imposes on Eastern American the obligation to repurchase, any Early Payment Default Loans as to which DLJMC requests repurchase.

8.      Certain of the mortgage loans that DLJMC purchased from Eastern American pursuant to the Purchase Agreement were thirty days or more delinquent within three months after the Closing Date.

9.      Accordingly DLJMC requested that Eastern American repurchase these Early Payment Default Loans pursuant to Section 3.05 of the Purchase Agreement. (Attached hereto as Exhibit B is a true and correct list of the loans that DLJMC requested that Eastern American repurchase.)

10.     To date, Eastern American has refused and failed to repurchase the Early Payment Default Loans from DLJMC notwithstanding Eastern American's express and unambiguous obligation to do so pursuant to the terms of the Purchase Agreement.

## B. The May 27, 2007 Agreement

11.     On May 1, 2007, the parties entered into a written agreement modifying in part the Purchase Agreement (the "May 1, 2007 Agreement"). (A true and correct copy of the May 1, 2007 Agreement is attached to the Complaint as Exhibit A.)

12. In the May 21, 2007 Agreement, Eastern American acknowledged that DLJMC had requested that it repurchase certain Early Payment Default Loans and it expressly agreed to repurchase certain of these loans under the terms and conditions of the May 1, 2007 Agreement. Eastern American also acknowledged that it had previously failed to repurchase these Early Payment Default Loans, even though DLJMC had submitted written repurchase requests.

13. The May 1, 2007 Agreement also required Eastern American to pay $1,363.93 in loan pay-off funds to DLJMC. In its capacity as loan servicer, Eastern American had previously collected these payoff funds on behalf of DLJMC.

14. The May 1, 2007 Agreement also provided that in the event of a breach of the May 1, 2007 Agreement by Eastern American:

> This letter Agreement is without prejudice to all rights and remedies DLJMC might otherwise have under the MLPA or any applicable law, regulation, rule or case law with regard to any Event of Default other than as described herein and should not be viewed as a waiver of the same. DLJMC expressly reserves all rights and remedies available to it under the MLPA, including, without limitation, its right to exercise its remedies under the MLPA, including any failure by the Seller to abide by the terms of this Letter Agreement.

15. Thus, under the May 1, 2007 Agreement, DLJMC is authorized to pursue claims for Eastern American's failure to comply with the terms of the May 1, 2007 Agreement either by seeking damages (i) under the May 1, 2007 Agreement, **or**, (ii) under the Purchase Agreement, at DLJMC's sole option.

**Eastern American's Failure To Repurchase Under Its Agreements With DLJMC**

16. Eastern American failed to comply with its obligations to repurchase Early Default Payment Loans under the Purchase Agreement and the May 1, 2007

Agreement. It did not repurchase loans that were required to be repurchased and it did not forward the requested loan pay-off of funds.

17. As a result, DLJMC sent notice to Eastern American demanding payment and demanding that Eastern American comply with its obligations under the Purchase Agreement and the May 1, 2007 Agreement.

18. Eastern American has failed to comply with its obligations under the Purchase Agreement and the May 1, 2007 Agreement.

### Damages

18. DLJMC has chosen to pursue damages under the Purchase Agreement as to the Early Payment Default Loans that Eastern American failed to repurchase.

19. The total amount due to DLJMC as of May 30, 2008 is $1,767,056.42: (a) the sum of $1,753,232.09 as the amount owed for Eastern American's failure to repurchase the Early Payment Default Loans and its failure to forward loan pay-offs as of April 21, 2008; and (b) $13,824.33, interest from April 21, 2008 to May 30, 2008.

20. The breakdown in damages due from Eastern American are as follows:

    a.    <u>Failure to Forward Payoff Funds</u>
          i.    Hassam Zadain    $1,363.93

    b.    <u>Failure to Repurchase Loans Under May 1, 2007 Agreement and Purchase Agreement</u>
          i.    Kelly    $ 84,839.69
          ii.    Dos Santos    $397,166.31
          iii.    Alan    $453,551.80
          iv.    Jackson    $240,444.80
          v.    Leon (2 loans)    $261,974.83

    c.    <u>Failure to Repurchase Under Purchase Agreement</u>
          i.    Finch (2 loans)    $313,890.72

d.  **Per Diem Interest**

  i.  $354.47 per diem interest x 39 days (April 22, 2008 – May 30, 2008 [date of hearing])  $ 13,824.33

Dated: New York, New York
       April 23, 2008

_____
BRUCE S. KAISERMAN

Sworn to before me this
24th day of April, 2008

_____
Notary Public

CHERYL D FONDACARO
Notary Public, State of New York
No. 01FO6168479
Qualified in New York County
Term Expires June 11, 2011