UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DLJ MORTGAGE CAPITAL, INC.,

    Plaintiff,

v.

EASTERN AMERICAN MORTGAGE COMPANY,

    Defendant.

Case No. 07-CV-7933 (PKL)

---

**SUPPLEMENTAL AFFIDAVIT OF BRUCE S. KAISERMAN IN SUPPORT OF PLAINTIFF DLJ MORTGAGE CAPITAL, INC.'S PROPOSED <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

STATE OF NEW YORK  )
                           ) ss.:
COUNTY OF NEW YORK )

BRUCE S. KAISERMAN, being duly sworn, deposes and says:

    1.    I am a Vice President of DLJ Mortgage Capital, Inc. (hereinafter "DLJMC") and have knowledge of the facts and circumstances surrounding this action. I submit this supplemental affidavit pursuant to Magistrate Judge Douglas F. Eaton's March 6, 2008 Order in order to further explain the manner by which the damages and interest calculations in my April 23, 2008 affidavit (the "April 2008 affidavit") were arrived at.

    2.    The April 2008 affidavit is incorporated herein by reference, including all phrases and terms which shall have the same meaning in this affidavit as they had in the April 2008 affidavit.

    3.    Pursuant to the May 1, 2007 Agreement between the parties, upon default by Defendant Eastern American Mortgage Company ("Defendant" or "Eastern American") of its obligations under the May 1, 2007 Agreement, DLJMC had the option

to disavow the May 1, 2007 Agreement and pursue its claims against Defendant under the parties' May 1, 2005 Purchase Agreement.

4. Defendant failed to comply with its repurchase obligations under the May 1, 2007 Agreement and DLJMC disavowed that Agreement. It chose to pursue its claims under the Purchase Agreement.

## I. Default Provisions of the Agreements

### A. Eastern American's Breach Of The Purchase Agreement

#### 1. The Eastern American Early Payment Default Loans

5. Pursuant to Section 3.05 of the Purchase Agreement, entitled "Repurchase of Mortgage Loans with Early Payment Defaults," Eastern American agreed to repurchase from DLJMC certain mortgage loans as to which there occurred payment defaults after the Closing Date (as defined in the Purchase Agreement) for such mortgage loans (the "Early Payment Default Loans"). Section 3.05 of the Purchase Agreement specifically provides as follows:

> If (a) a Mortgagor is thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due to [DLJMC] on the related Mortgage Loan immediately following the applicable Closing Date . . . [Eastern American], at [DLJMC's] option, shall promptly repurchase such Mortgage Loan from [DLJMC] within five (5) Business Days' of receipt of written notice from [DLJMC], in accordance with the procedures set forth in Section 3.03 hereof, however, any such repurchase shall be made at the Repurchase Price.

6. Thus, the Purchase Agreement expressly and unambiguously conferred upon DLJMC the right to cause Eastern American to repurchase, and, imposes on

Eastern American the obligation to repurchase, any Early Payment Default Loans as to which DLJMC requests repurchase.

7. Certain of the mortgage loans that DLJMC purchased from Eastern American pursuant to the Purchase Agreement were thirty days or more delinquent within three months after the Closing Date.

8. Accordingly DLJMC requested that Eastern American repurchase these Early Payment Default Loans pursuant to Section 3.05 of the Purchase Agreement.

**B. The May 1, 2007 Agreement**

9. Under the May 1, 2007 Agreement, Eastern American acknowledged that DLJMC had requested the repurchase of certain Early Payment Default Loans and it expressly agreed to repurchase these Loans under the terms and conditions of the May 1, 2007 Agreement. Eastern American also acknowledged that it had previously failed to repurchase these Early Payment Default Loans, even though DLJMC had submitted written repurchase requests.

10. The May 1, 2007 Agreement also provided that in the event of a breach of that Agreement by Eastern American:

> This letter Agreement is without prejudice to all rights and remedies DLJMC might otherwise have under the MLPA [the Purchase Agreement] or any applicable law, regulation, rule or case law with regard to any Event of Default other than as described herein and should not be viewed as a waiver of the same. DLJMC expressly reserves all rights and remedies available to it under the MLPA, including, without limitation, its right to exercise its remedies under the MLPA, including any failure by the Seller to abide by the terms of this Letter Agreement.

11. Thus, the May 1, 2007 Agreement authorizes DLJMC, at its sole option, to pursue claims against Eastern American for its failure to comply with the terms of the

May 1, 2007 Agreement pursuant to either (i) the May 1, 2007 Agreement, **or**, (ii) the Purchase Agreement.

## II.   Damage Calculations

12.   Attached as Exhibit A is a list of the Loans for which DLJMC seeks damages. These damages are calculated as set forth below:

### A.   Damages For Loans Identified In The May 1, 2007 Agreement

#### 1.   Early Payment Default Loans

13.   Eastern American was obligated to repurchase the Early Payment Default Loans at the "Repurchase Price," which is defined in the Purchase Agreement as follows:

> With respect to any Mortgage Loan, a price equal to (i) the greater of (A) the product of the percentage of par stated in the related Purchase Price and Terms Letter and the outstanding principal balance of the Mortgage Loan and (B) the outstanding principal balance of the Mortgage Loan, plus (ii) interest on such outstanding principal balance at the related Mortgage Interest Rate from the date through which interest was last distributed to the Purchaser through the day prior to the date of repurchase, plus (iii) third party expenses incurred in connection with the transfer of the Mortgage Loan being repurchased; less amounts received or advanced in respect of such repurchased Mortgage Loan which are being held in the Custodial Account for distribution in the month of repurchase, plus (iv) any reimbursed Servicing Advances or Servicing Fees.

See April 23, 2008 Affidavit, Exhibit A (the Purchase Agreement), §1.01, p. 13, Repurchase Price.

14.   The calculation of the amounts owed to DLJMC by Eastern American for each of the Early Payment Default Loans (as set forth in Exhibit A of this Affidavit) was calculated in accordance with the Purchase Agreement's definition of "Repurchase Price":

a.  The amount owed to DLJMC with respect to the Kelly Loan, No. 500643512 was calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance of the Loan | $81,903.47 |
| Interest Rate of the Loan | 7.50% |
| Daily Interest on the Loan | $17.06 |
| Number of days the Loan has gone unpaid | 82 |
| Product of the daily interest and the number of days the interest has gone unpaid ($17.06 x 82) | $1,399.18 |
| Recapture of Premium (the amount over par that DLJMC paid for the Loan) | $1,344.53 |
| **Total Due DLJMC** | **$84,647.18** |

b.  The amount owed to DLJMC with respect to the Dos Santos Loan, No. 500658826 was calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance of the Loan | $352,031.34 |
| Interest Rate of the Loan | 7.625% |
| Daily Interest on the Loan | $74.56 |
| Number of days the Loan has gone unpaid | 622 |
| Product of the daily interest and the number of days the interest has gone unpaid ($74.56 x 622) | $46,377.68 |
| Recapture of Premium (the amount over par that DLJMC paid for the Loan) | $5,617.01 |
| **Total Due DLJMC** | **$404,026.04** |

c.  The amount owed to DLJMC with respect to the Alam Loan, No. 500728708 was calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance of the Loan | $378,400.00 |
| Interest Rate of the Loan | 8.75% |
| Daily Interest on the Loan | $91.97 |
| Number of days the Loan has gone unpaid | 832 |
| Product of the daily interest and the number of days the interest has gone unpaid ($91.97 x 832) | $76,520.89 |
| Recapture of Premium (the amount over par that DLJMC paid for the Loan) | $7,092.35 |
| **Total Due DLJMC** | **$462,013.24** |

    d.    The amount owed to DLJMC with respect to the Leon I Loan, No. 500850033 was calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance of the Loan | $188,000 |
| Interest Rate of the Loan | 7.625% |
| Daily Interest on the Loan | $39.82 |
| Number of days the Loan has gone unpaid | 472 |
| Product of the daily interest and the number of days the interest has gone unpaid ($39.82 x 472) | $18,794.78 |
| Recapture of Premium (the amount over par that DLJMC paid for the Loan) | $2,597.60 |
| **Total Due DLJMC** | **$209,392.37** |

    e.    The amount owed to DLJMC with respect to the Leon II Loan, No. 500850040 was calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance of the Loan | $46,959.86 |
| Interest Rate of the Loan | 13.375% |

| | |
|---|---|
| Daily Interest on the Loan | $17.45 |
| Number of days the Loan has gone unpaid | 562 |
| Product of the daily interest and the number of days the interest has gone unpaid ($17.45 x 562) | $9,805.15 |
| Recapture of Premium (the amount over par that DLJMC paid for the Loan) | $1,085.95 |
| **Total Due DLJMC** | **$57,850.96** |

f. The amount owed to DLJMC with respect to the Zaidan Hassam Loan, No. 500391586 was calculated as follows[1]:

| | |
|---|---|
| Unpaid Principal Balance of the Loan | $1,363.93 |
| Interest Rate of the Loan | 0.00% |
| Daily Interest on the Loan | $0 |
| Number of days the Loan has gone unpaid | 1012 |
| Product of the daily interest and the number of days the interest has gone unpaid ($0.00 x 1012) | $0.00 |
| Recapture of Premium (the amount over par that DLJMC paid for the Loan) | $0.00 |
| **Total Due DLJMC** | **$1,363.93** |

B. **Damages For Loans Not Identified In The May 1, 2007 Agreement**

15. The calculation of the amounts owed to DLJMC by Eastern American for each of the Early Payment Default Loans (as set forth in Exhibit A of this Affidavit) was calculated in accordance with the Purchase Agreement's definition of "Repurchase Price":

---

[1] The Hassam loan is a "make whole", meaning that the loan was paid – likely by the borrower – after the repurchase demand was made. The anmount remaining is what is needed to make DLJMC "whole" for the entire amount due under the repurchase request.

a. The amount owed to DLJMC with respect to the Jackson Loan, No. 500776679 was calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance of the Loan | $236,627.19 |
| Interest Rate of the Loan | 7.25% |
| Daily Interest on the Loan | $47.65 |
| Number of days the Loan has gone unpaid | 622 |
| Product of the daily interest and the number of days the interest has gone unpaid ($47.65 x 622) | $29,640.84 |
| Recapture of Premium (the amount over par that DLJMC paid for the Loan) | $1,434.91 |
| **Total Due DLJMC** | **$267,702.94** |

b. The amount owed to DLJMC with respect to the Finch I Loan, No. 500904995 was calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance of the Loan | $233,363.09 |
| Interest Rate of the Loan | 6.9360% |
| Daily Interest on the Loan | $44.96 |
| Number of days the Loan has gone unpaid | 202 |
| Product of the daily interest and the number of days the interest has gone unpaid ($44.96 x 202) | $9,082.18 |
| Recapture of Premium (the amount over par that DLJMC paid for the Loan) | $5,248.34 |
| **Total Due DLJMC** | **$247,693.61** |

c. The amount owed to DLJMC with respect to the Finch II Loan, No. 500905015 was calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance of the Loan | $58,912.05 |
| Interest Rate of the Loan | 12.75% |
| Daily Interest on the Loan | $20.86 |
| Number of days the Loan has gone unpaid | 412 |
| Product of the daily interest and the number of days the interest has gone unpaid ($20.86 x 412) | $8,596.25 |
| Recapture of Premium (the amount over par that DLJMC paid for the Loan) | $1,605.35 |
| **Total Due DLJMC** | **$69,113.65** |

C. **Interest Calculations**

16. The interest calculations set forth in this affidavit and in Exhibit A are current through July 23, 2008.

17. The total interest due for each Loan was calculated by multiplying the per diem interest rate by the number of days for which interest is due. For purposes of this affidavit and Exhibit A, the per diem interest rate is rounded to the nearest .01 cent.

18. The per diem interest is calculated by multiplying the principal balance by the annual interest rate, then dividing by an annual number of days. The annual number of days used to calculate the per diem interest is established by agreement or by industry standard. In this instance, the number of days used to calculate the per diem interest was 360 days, the standard number used for agreements such as the Purchase Agreement. Thus, the formula for calculating per diem interest is: (Principal Balance x Annual Interest Rate) ÷ 360.

19. By way of example, per diem interest and total interest on the Kelly Loan identified in Exhibit A of this affidavit were calculated, as follows:

    a. $81,903.47 x .075 = $6,142.7602

    b. $6,142.7602 ÷ 360 = $17.063222 (per diem interest)

    c. $17.063222 x 82 days = $1,399.1842 (total interest)

20. The amounts owed as interest for all the Loans identified in this affidavit and Exhibit A were calculated in the same manner as for the Kelly Loan.

21. The per diem interest for all the Loans for which DLJMC seeks damages totals $354.34.

22. The per diem interest for the Loans identified in the attachment to the May 1, 2007 Agreement totals $240.86.

23. The per diem interest for the loans not identified in the attachment to the May 1, 2007 Agreement totals $113.48.

### D. **Total Damages**

24. The damages, including interest, for which DLJMC seeks judgment, as of July 23, 2008, total $1,803,803.92.

25. The damages, including interest, which DLJMC seeks for the Loans identified in the May 1, 2007 Agreement, as of July 23, 2008, total $1,219,293.72.

26. The damages, including interest, which DLJMC seeks for the Loans not identified in the May 1, 2007 Agreement, as of July 23, 2008, total $584,510.20.

Dated: New York, New York

July 24, 2008

                                                   */s/ Bruce S. Kaiserman*
                                                   BRUCE S. KAISERMAN

Sworn to before me this
___24th___ day of ___July___, 2008

_____/s/ Arthur Loskove_____
Notary Public

ARTHUR A. LOSKOVE
Notary Public, State of New York
No. 02LO6177589
Qualified in New York County
Certificate Filed in New York County
Commission Expires November 13, 2011

272022 v2           11

# EXHIBIT A

DLJ Mortgage Capital, Inc.
C/O Credit Suisse Securities (USA) LLC
Eleven Madison Avenue - 4th Floor
New York, NY 10010-3629

Purchaser: Eastern American Mortgage Company

Issue Date: N/A - Actual
Settlement Date: July 23, 2008

| DLMC Loan # | Servicer Loan # | Seller Loan # | Name | Settlement Date | Lien Position | Servicer | As of Date | Balance | Next Due Date | Note Rate | Daily Interest | Days Interest To Repurchase | Total Interest | Repurchase Price | Recapture of Premium | Total Due DLMC | Loan Status | Reason For Repurchase | Date Requested | Liquidation Type | Liquidation Report Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 500391569 | 872365 | 4308020001 | HASSAM ZAIDAN | 08/24/05 | 1 | FAIRBK | 06/30/08 | $1,363.83 | 11/01/05 | 0.0000 | $0.00 | 1012 | $0.00 | 100.0000 | $0.00 | $1,363.83 | Make Whole | 60 days late for July, Aug | 10/26/05 | | |
| 500643512 | 1205311451 | 5505112469 | KELLY | 01/24/06 | 1 | WELLS | 08/30/08 | $81,902.47 | 06/01/08 | 7.5000 | $17.06 | 82 | $1,398.18 | 101.6416 | $1,344.63 | $84,647.18 | | 30 days late for Feb & | 08/29/06 | | |
| 500658528 | 1205312968 | 3712290511503 | SANTOS DOS | 02/22/06 | 1 | WELLS | 08/30/08 | $352,031.34 | 12/01/08 | 7.6250 | $74.58 | | $46,377.68 | 101.5656 | $3,617.07 | $404,647.18 | REO | 30 days late for April, NE | 08/29/06 | | |
| 500728708 | 8268882 | 4103130062006 | ALAM | 04/20/06 | 1 | FAIRBK | 08/30/08 | $376,400.00 | 05/01/06 | 8.7500 | $91.97 | 832 | $76,520.88 | 101.6743 | $7,092.29 | $462,013.24 | REO | 30 days late for April, N5 | 07/24/06 | | |
| 500778673 | 881039 | 10055053351 | JACKSON | 07/19/06 | 1 | IN | 11/30/06 | $236,627.18 | 12/01/08 | 7.2500 | $47.05 | 832 | $39,640.84 | 100.0064 | $1,434.81 | $367,702.94 | | 60 Days Late for May | 07/24/06 | | |
| 500840633 | 950281 | 4260249202001 | LEON | 09/20/08 | 1 | FAIRBK | 08/30/08 | $188,008.02 | 05/01/07 | 7.6250 | $39.62 | 472 | $18,794.78 | 101.3917 | $2,967.80 | $209,283.37 | Foreclosure | Making Critical Documents | 04/17/09 | | |
| 500847040 | 950299 | 4260049202002 | LEON | 09/20/08 | 1 | FAIRBK | 08/30/08 | $48,389.86 | 02/01/07 | 13.3750 | $17.45 | 562 | $9,805.13 | 102.3125 | $1,061.95 | $57,830.38 | No Equity Loan | 60 days late for Oct | 02/21/07 | | |
| 500849895 | 10326376 | 150115093001 | FINCH | 12/28/05 | 1 | FAIRBK | 08/30/08 | $233,363.09 | 02/01/08 | 6.6340 | $44.96 | 282 | $6,082.18 | 102.2496 | $5,248.34 | $247,892.81 | Foreclosure | 20 Days Late for Feb | 08/27/07 | | |
| 500905615 | 10335260 | 1001111450002 | FINCH | 12/25/05 | 2 | FAIRBK | 06/30/08 | $36,812.05 | 07/01/07 | 12.7500 | $20.85 | 412 | $8,586.25 | 102.7250 | $1,605.33 | $49,113.55 | No Equity Loan | 30 Days Late for Feb | 08/27/07 | | |
| | | | | | | | | $1,677,848.93 | | | $364.24 | | $205,716.96 | | $28,028.90 | | | | | | |

TOTAL DUE DLJ MORTGAGE CAPITAL, INC.: $1,903,903.92   $354.24

Per Diem (for repurchase after settlement date):

In addition to the forgoing, please note that you (The Purchaser) shall be responsible to reimburse the party servicer for outstanding payments and escrow advances related to the loans at the time of the servicing transfer.

The following are DLJ Mortgage Capital, Inc. wiring instructions:
Citibank NYC
ABA: 021-000-049
A/C # 30490608
A/C: DLJ Mortgage Capital, Inc.
Reference: Eastern American Mortgage Company
Attn: Olivia Heifer