UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DLJ MORTGAGE CAPITAL, INC.,

    Plaintiff,

- against -

EASTERN AMERICAN MORTGAGE
COMPANY,

    Defendant.



**MEMORANDUM ORDER**

07 Civ. 7933(PKL)(DFE)

**LEISURE, District Judge:**

    Plaintiff DLJ Mortgage Capital, Inc. ("DLJ Mortgage") filed
this action against Eastern American Mortgage Company ("Eastern
American"), alleging that Eastern American failed to comply with a
written loan agreement and subsequent letter agreement.  On
February 11, 2008, this Court entered a Default Judgment against
Eastern American as to liability. (See Docket No. 7.)  The case
was referred to the Honorable Douglas F. Eaton, United States
Magistrate Judge, for an inquest on damages.

    On March 6, 2008, Judge Eaton issued a Scheduling Order for
the parties' submissions of inquest memoranda, including
supporting affidavits and exhibits. (See Docket No. 11.)  DLJ
Mortgage submitted an inquest memorandum, affidavit, supplemental
affidavit, and supporting documentation.  Eastern American did not
file any opposition papers.  Judge Eaton issued a Report and
Recommendation (the "Report") on April 24, 2009, recommending that

this Court award plaintiff (a) damages in the amount of $318,898.10; (b) pre-judgment interest at the rate of 9% per year (0.75% per month, i.e., $2,3941.74 per month), hence $47,834.80 from 8/29/07 through 8/29/09; and (c) attorneys' fees and costs in the amount of $14,026.55. (See Report at 8.)

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties were given ten (10) days to file written objections to the Report.  No objections to the Report were filed by either party.[1]

Where, as here, there are no objections to the Report, the Court may accept the Report, provided there is no clear error on the face of the record. See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.  After reviewing the Report, the Court finds that the record is not facially erroneous, and the recommendation appears to be justified in light of the facts and controlling law.  Therefore, the Court adopts the Report in its entirety.

Accordingly, for the reasons stated in the Report, DLJ Mortgage shall be awarded: (a) damages in the amount of $318,898.10; (b) pre-judgment interest at the rate of 9% per year,

---

[1] Robert G. Veech, Jr. sent a letter to this Court dated April 27, 2009.  In its totality the letter states, "[t]his is to inform you that as of July, 2007 Eastern American Mort[g]age is no longer in business.  I was the former president of the company.  Thank you."  The Court does not construe this letter as an objection to the Report.  Most importantly, the letter fails to mention the Report, and does not include any discussion of the inquest on damages.   Moreover, this letter was not filed or served as required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

beginning August 29, 2007 ($2,391.74 per month); and

(c) attorneys' fees and costs in the amount of $14,026.55.   The

Clerk of Court is directed to enter judgment in accordance

herewith.


**SO ORDERED.**

New York, New York
June **24**, 2009

_____
U.S.D.J.